IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KELLEY MALA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:23-cv-0017 |
| | ) |
| BANCO POPULAR, P.R., John Doe, Jane Doe, | ) |
| ABC Corporation, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**ORDER**

**BEFORE THE COURT** is Defendant Banco Popular, P.R. (BPPR)'s Motion to Dismiss for Failure to State a Claim and Lack of Subject-Matter Jurisdiction (Motion or Mot.) (ECF No. 5), filed on May 18, 2023. Plaintiff filed an opposition to the motion, *see* ECF Nos. 9 and 10, and said Defendant filed a reply thereto. *See* ECF No. 11.[1] This matter is ripe for adjudication. For the reasons stated below, the Court will grant Defendant BPPR's motion to dismiss.

**I.**

Plaintiff alleges that "on or about, January 23, 2018, Banco Popular did accept and effect a wire transfer, designed to fmther [sic] an obstruction of justice" Complaint (Compl.) at ¶ 6. He further alleges that "Banco Popular, on or about January 24, 2018, did cause to be deposited, $75,000.00, into account Number: 030-046122, Account name, 'Envio Trans-Continentales LLC.'" *Id*. at ¶ 7. He then alleges: "On or about the same day and date, Banco Popular, [sic] did cause to be wire transferred to, [sic] TD Bank, at 3885 NW 107th Avenue,

---

[1] Plaintiff then filed a sur-reply (mistitled "Reply to Defendant's [sic] Banco Popular's Motion Opposition [sic] to Dismiss Complaint") (ECF No. 15), without leave of Court, in violation of Local Rules of Civil Procedure Rule 7.1(a). In response to Plaintiff's improperly filed document, Defendant Banco Popular, P.R., (BPPR) filed a motion styled, "Motion for Leave to File Sur-Reply or[,] in the alternative, Motion to Strike" (ECF No. 16), which was followed by Plaintiff's filing of "Motion by Plaintiff for Leave to File Supplement [sic] Memorandum of Law and Claims as to Defendant BPPR['s] Motion to Dismiss (Doc#11 [sic] and #14)" (ECF No. 17). In view of the Court's dismissal of the complaint herein, these pending motions will be rendered moot; thus, the Court does not address them. In addition, Plaintiff filed an amended complaint (*see* ECF No. 24) outside the time allowed to amend as of right and without leave of Court in violation of Fed. R. Civ. P. 15(a)(2). Thus, the Court will strike this document for Plaintiff's failure to comply with procedural requirements.

Doral, FL 33178, the $75,000.00, to a beneficiary named, 'CELL TRADE USA Inc.'" *Id*. at ¶ 8. According to Plaintiff, BPPR failed to submit a SAR (suspicious activity report) following these transactions, "in violation of 18 U.S.C. §§ 1956(h), 1957 . . . Money Laundering Statutes of the United States." *Id*. at ¶ 7 (*see also id*. at ¶ 8 (containing nearly identical language)). Plaintiff also alleges that an agent of the United States Drug Enforcement Administration averred in an affidavit that "the currency being deposited was causing issues because when 'they' (Banco Popular People), the [sic] found white powder . . . ." *Id*. at ¶ 9. Additionally, Plaintiff alleges "Banco Popular, and or its employees has been indicted by Federal Authorities based on same conduct and omissions." *Id*. at ¶ 10. These are all the facts alleged by Plaintiff in support of his claim. The following paragraphs in the complaint contain Plaintiff's prayer for relief. *See id*. at ¶¶ 11-13.

Defendant BPPR moves to dismiss the complaint in this action for lack of subject matter jurisdiction and/or failure to state a claim. Mot. at 1. BPPR bases its jurisdictional argument upon its contention that Plaintiff lacks standing. Memorandum of Law in Support of Motion to Dismiss (Mem.) (ECF No. 6) at 4-6.

## II.

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the case. The plaintiff bears the burden of proving subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[T]he party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

Under Rule 12(b)(1), a party may present either a facial or factual challenge to subject matter jurisdiction, but a factual challenge typically is brought only after the defendant files an answer or has engaged in discovery. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 891-92 (3d Cir. 1977). When a factual attack is procedurally premature, the Court usually treats the motion as a facial challenge. *Askew v. Trs. of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F. 3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial.").

In a facial challenge, the Court "will consider 'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Nellom v. Delaware Cty. Domestic Rels. Section*, 145 F. Supp. 3d 470, 476 (E.D. Pa. 2015) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)); *see also Davis v. Fox & Roach LP*, Civil Action No. 20- 24-97, 2022 U.S. Dist. LEXIS 124890, at *4 (E.D. Pa. July 14, 2022) ("A facial challenge alleges a failure to plead jurisdictional prerequisites, whereas a factual challenge alleges that the prerequisites for jurisdiction do not in fact exist." (citing *CNA v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008))); *Humana, Inc. v. Indivior Inc.*, Civil Action No. 20-4602; Civil Action No. 20-5014, 2021 U.S. Dist. LEXIS 137063, at *19-20 (E.D. Pa. July 22, 2021) ("A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." (citing *Const. Party of Pa v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014))). Here, BPPR's motion, contending that Plaintiff fails to allege an injury and/or that BPPR caused such injury sufficient to establish standing, presents a facial challenge.

### III.

As with all *pro se* filings, the Court liberally construes Plaintiff's complaint. S*ee, e.g., Morisseau v. Borough of N. Arlington*, Civil Action No. 16-8367, 2018 U.S. Dist. LEXIS 51701, at *32 (D.N.J. Mar. 28, 2018) ("Courts liberally construe documents filed by pro se plaintiffs, and hold the filings to less stringent standards than those drafted by attorneys." (citing *Erickson v. Pardus*, 551 U.S. 89 (2007))). At the same time, "a pro se plaintiff 'must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure.'" *Nayak v. Voith Turbo, Inc.*, No. 1:14-cv-01053, 2015 U.S. Dist. LEXIS 46469, at *10-12 (M.D. Pa. Apr. 9, 2015) (quoting *Smith v. Soc. Sec. Admin.*, 54 F. Supp. 2d 451, 454 (E.D. Pa.1999) (citation omitted) (also citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")); *see also Faretta v. Calif.*, 422 U.S. 806, 835 n.46 (1975) (noting that self-representation, in the criminal context, is not "a license not to comply with relevant rules of procedural and substantive law").

The title of the complaint filed in the above-captioned matter declares that it is a "Civil R.I.C.O. Complaint . . . ." Compl. at 1. *See also* Compl. at ¶ 9 ("Banco Popular continued in this coercive Civil R.I.C.O. Conspiracy, and official oppression."). Nowhere within the complaint, however, is the federal civil RICO statute[2] mentioned or cited,[3] nor are the elements of a civil RICO claim alleged or even alluded to. Nevertheless, construing all inferences in favor of Plaintiff, the Court will treat the complaint as alleging a federal civil RICO claim.

BPPR challenges Plaintiff's standing. As the Third Circuit Court of Appeals has noted:

> Standing comes in several varieties, and plaintiffs must satisfy all that apply. Some standing is constitutional, required by Article III. Some is prudential. And some is required by the particular statute at issue, like RICO. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482-83 (3d Cir. 2000). RICO provides a private cause of action only for those who are "injured . . . by reason of" a RICO violation. 18 U.S.C. § 1964(c). That requires that the defendant be both the *but-for* and the *proximate* cause of the plaintiff's injury. *Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639, 654, 128 S. Ct. 2131, 170 L. Ed. 2d 1012 (2008); *Maio*, 221 F.3d at 483.

*Devon Drive Lionville, LP v. Parke Bancorp, Inc.*, 791 F. App'x 301, 306-07 (3d Cir. 2019); *see also St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp.*, 967 F.3d 295, 300 (3d Cir. 2020) ("As distinct from Article III standing, a plaintiff bringing a civil RICO claim must additionally state an injury to business or property and 'that a RICO predicate offense "not only was a 'but for' cause of injury, but was the proximate cause as well."'" (citations omitted)); *Ketner v. Widell*, No. 5:20-cv-6360, 2021 U.S. Dist. LEXIS 125020, at *8 (E.D. Pa. July 6, 2021) ("Before the Court considers the sufficiency of a plaintiff's RICO claims under 18 U.S.C. § 1962, it must address the threshold question of the adequacy of the pleadings as they relate to RICO standing under § 1964(c). . . . To bring a civil RICO claim, a plaintiff must allege two statutory elements to confer standing: (1) that she suffered an injury to her 'business or property'; and (2) that her injury was proximately caused by the defendants' violation of § 1962. . . ." (citing 18 U.S.C. § 1964(c); *Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*, 140 F.3d 494, 520-21 (3d Cir. 1998); *Maio v. Aetna, Inc.*, 221 F.3d 472, 482-83 (3d Cir. 2000))).

---

[2] The federal civil RICO statute is codified at 18 U.S.C. § 1962(c).
[3] Plaintiff does identify several other federal statutes in the body of the complaint: 18 U.S.C. §§ 241, 242, 1503, 1956(h), 1957 (Compl. at ¶¶ 6-8). While these statutes may be cited by Plaintiff as the "predicate acts" of the RICO claim, that intention is not clear from the face of the complaint, nor is it clear that Plaintiff is attempting to assert separate claims under any of the said statutes.

In the matter at bar, the Court agrees with BPPR that Plaintiff fails to allege any injury, *see* Mem. at 18, let alone an injury to business or property. While Plaintiff identifies certain transactions allegedly conducted by BPPR, he fails to allege how those transactions affected or injured him. Plaintiff does not connect, in any way, the alleged transactions to himself. Despite Plaintiff's claim that "BPPR's own attorneys are fully aware and apprised of the facts and circumstances which describe Mala's factual and economic injuries, [sic] caused by BPPR's actions and omissions," ECF No. 10 at 2-3, none of those "facts and circumstances" are alleged in the complaint in this matter. Thus, even accepting the allegations of the complaint as true and construing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff's failure to allege the two statutory elements to confer standing to assert a federal civil RICO claim renders Plaintiff without standing and deprives this Court of subject matter jurisdiction.

Even if Plaintiff's complaint can be construed to assert a federal claim other than civil RICO, the Court finds that Plaintiff still lacks standing. The Supreme Court of the United States has:

> established that the "irreducible constitutional minimum" of standing consists of three elements. *Lujan*, 504 U. S., at 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.,* at 560-561, 112 S. Ct. 2130, 119 L. Ed. 2d 351; *Friends of the Earth, Inc.*, 528 U. S., at 180-181, 120 S. Ct. 693, 145 L. Ed. 2d 610. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc.* v. *Dallas*, 493 U. S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990). Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. *Warth, supra*, at 518, 95 S. Ct. 2197, 45 L. Ed. 2d 343.

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Not only does Plaintiff fail to establish the more stringent requirements of RICO standing, but he also fails to establish Article III standing because he fails to allege an "injury in fact." An "injury in fact" has been articulated as "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not "conjectural" or "hypothetical . . . .""" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and footnote omitted). The complaint is completely devoid of any allegation identifying the "legally protected interest" of Plaintiff that allegedly has been "invaded" by Defendant BPPR. In the absence of standing, the Court

*Mala v. Banco Popular, P.R., et al.*
Case No. 3:23-cv-0017
Order
Page 6 of 6

cannot exercise subject matter jurisdiction. Consequently, the Court will grant BPPR's motion.

      Accordingly, it is hereby

      **ORDERED** that Defendant Banco Popular, P.R.'s Motion to Dismiss for Failure to State a Claim and Lack of Subject-Matter Jurisdiction (ECF No. 5) is **GRANTED**; it is further

      **ORDERED** that the Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; it is further

      **ORDERED** that all other pending motions are **MOOT**; it is further

      **ORDERED** that Plaintiff's First Amended Complaint (ECF No. 24) is **STRICKEN** from the record for failure to comply with Fed. R. Civ. P. 15(a)(2); it is further

      **ORDERED** that a copy of this Order shall be served upon Plaintiff Kelley Mala by first class mail return-receipt requested.

**Dated:** February 7, 2024                                          */s/ Robert A. Molloy*
                                                                               **ROBERT A. MOLLOY**
                                                                               **Chief Judge**